### HIGH DESERT RECREATION, INC., Plaintiff–Appellant,

v.

### PYRAMID LAKE PAIUTE TRIBE OF INDIANS, Defendant–Appellee.

No. 07–16254.

United States Court of Appeals, Ninth Circuit.

Submitted July 17, 2009.*

Filed Aug. 4, 2009.

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Cameron D. Davis, Esq., Wolfe & Wyman LLP, Las Vegas, NV, for Plaintiff–Appellant.

Charles R. Zeh, Esq., Zeh, Saint–Aubin, Spoo & Hearne, Reno, NV, for Defendant–Appellee.

Before: SILVERMAN, CLIFTON, and M. SMITH, Circuit Judges.

MEMORANDUM **

High Desert Recreation, Inc. (HDR) appeals the dismissal for lack of subject matter jurisdiction of its action against the Pyramid Lake Paiute Tribe (Tribe), alleging breach of a lease of marina property within the Tribe's reservation. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we dismiss HDR's appeal.

An Indian tribe is subject to suit only where Congress unequivocally authorizes suit, or where the tribe has clearly and expressly waived its immunity. *C & L Enters., Inc. v. Citizen Band Potawatomi Indian Tribe,* 532 U.S. 411, 418, 121 S.Ct. 1589, 149 L.Ed.2d 623 (2001); *Allen v.*

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.

*Gold Country Casino,* 464 F.3d 1044, 1047 (9th Cir.2006). Here, the attorney's fee provision in the lease between HDR and the Tribe does not amount to a unambiguous waiver of the Tribe's immunity because it does not identify a venue or a jurisdiction in the event of a suit. As a result, it is *unclear* whether the provision refers to suits brought before federal courts, or to suits brought before the Tribal Court, which has civil and criminal jurisdiction of all persons, including non-Indians acting within the exterior boundaries of the reservation.

■ In addition, both Supreme Court precedent and that of this court hold that Indian tribes enjoy sovereign immunity from suits on commercial contracts, whether made on or off a reservation, so long as the subject business activity functions as an arm of the tribe. *See Kiowa Tribe v. Mfg. Techs., Inc.,* 523 U.S. 751, 760, 118 S.Ct. 1700, 140 L.Ed.2d 981 (1998); *Allen,* 464 F.3d at 1046–47. Since (a) the Tribe is a party to the lease alleged in this case, (b) the lease contemplates the use of marina property owned by the Tribe and is located on the tribal reservation, (c) economic advantages of both the lease and the operation of HDR's business inure to the Tribe's benefit, and (d) immunity under the lease protects the Tribe's treasury from HDR's suit for over one million dollars in compensatory and punitive damages, the business transacted via the lease is properly deemed an activity of the Tribe for sovereign-immunity purposes.

■ Finally, we do not read a grant of subject matter jurisdiction into 25 C.F.R. § 162. A congressional waiver of tribal sovereign immunity cannot be implied, but must be unequivocally granted in congressional legislation. *Santa Clara Pueblo v. Martinez,* 436 U.S. 49, 59, 98 S.Ct. 1670, 56 L.Ed.2d 106 (1978). Moreover, § 162 is a regulation promulgated by the Bureau of Indian Affairs, an agency of the executive branch, whereas Congress is the only governmental branch with plenary power over a tribe's sovereign immunity. *See id.* at 58, 98 S.Ct. 1670.

**DISMISSED.**